Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Plaintiff sustained a compensable injury on 26 October 1992.
5. An employment relationship existed between plaintiff and defendant at all relevant times.
6. Plaintiff has received temporary total disability payments since January 1993. Defendant has paid plaintiff temporary total disability benefits in the amount of $230.29 per week based upon a Form 22 Statement of Days Worked and Earnings of Injured Employee for a similarly placed employee.
7. Two different vocational rehabilitation services, Armstrong 
Associates and Claimant Employment Services have worked with plaintiff since 1994 and these services were chosen by defendant.
In addition, the parties stipulated into evidence the following:
1. Twelve pages of medical records and reports from Dr. Wheelers office.
2. Vocational evaluation by Matthew Fowler.
3. Labor market survey dated 19 November 1998 by Candice Stickle.
A Pre-Trial Agreement dated 30 November 1998 was submitted by the parties and is incorporated by reference.
Defendant was directed to submit a Form 22 for plaintiff, but defendant failed to provide the form.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-five year old female with a seventh grade education. Plaintiff began working as a truck driver for defendant in July 1992. She and her husband, Jeffrey Hooper, worked as a team and drove a tractor-trailer on long distance trips.
2. An issue has been raised regarding plaintiffs average weekly wage. Defendant computed it to be $345.43 based upon a Form 22 Statement of Days Worked and Earnings for Injured Employee for a similar employee. Plaintiff has alleged that she earned approximately $600.00 per week. However, the pay check she received following the accident of 26 October 1992 revealed total earnings for the year in the amount of $4,979.61, which would generate an average weekly wage between $292.00 and $356.00, depending upon the date in July that she began working for defendant. Because there is insufficient evidence to establish plaintiffs first day of employment with defendant, her average weekly wage cannot be determined by using her paycheck. Accordingly, the method of calculation which will most nearly approximate the amount which plaintiff would be earning were it not for the injury, is that offered by defendant on the Form 22 submitted to the Commission. On that basis, plaintiffs average weekly wage prior to her injury was $345.43, yielding a weekly compensation rate of $230.29.
3. On 26 October 1992, plaintiff sustained a compensable injury. She was riding in the truck while her husband was driving. Plaintiff had just climbed out of the sleeper and she had not yet buckled her seat belt. At that moment, the truck collided with a car, causing plaintiff to be thrown around in the cab of the truck. Following the accident, she experienced pain in her neck and low back. Plaintiff first sought medical treatment a couple of weeks later with her family doctor who subsequently referred her to Dr. Siva. The doctors treated her conservatively with medication and physical therapy. Diagnostic testing performed sometime later revealed that she had sustained compression fractures at T12 and L2.
4. In 1994, plaintiff was referred to neurologist Anthony H. Wheeler, M.D., for further treatment of her persistent symptoms. Dr. Wheeler ordered further tests that did not reveal a neurological problem. He treated her with medication, physical therapy, and exercises. On 28 April 1995, Dr. Wheeler determined that plaintiff had reached maximum medical improvement and rated her with a 5% permanent partial disability to her back. At that time, Dr. Wheeler released plaintiff to return to work with restrictions limiting her to sedentary to light work with no lifting of greater than ten pounds, no prolonged sitting or standing, and limited bending, squatting and stooping. There was also a requirement that plaintiff be allowed to change positions at will.
5. Plaintiff continued to experience chronic pain associated with her low back condition. As a result, she returned to Dr. Wheeler with complaints of low back pain and numbness in her right leg. There was no evidence of a material change in her condition during that time. Plaintiff did not satisfactorily perform the exercises that had been recommended by Dr.Wheeler, and she tended to be deconditioned. However, plaintiff did have evidence of muscle spasms in her low back at times. In September 1998, plaintiff complained of increased leg symptoms and Dr. Wheeler ordered another MRI to rule out a disc problem. The test revealed no evidence of a herniated disc. Consequently, Dr. Wheeler continued to prescribe conservative treatment and maintained her work restrictions.
6. Defendant admitted liability for benefits under the Act for plaintiffs 26 October 1992 injury and voluntarily paid compensation benefits to her up to the date of hearing before the Deputy Commissioner; however, a Form 21 Agreement for Compensation for Disability was not submitted to the Commission for approval, nor was a Form 60 Employers Admission of Employees Right to Compensation or a Form 63 Payment of Compensation Without Prejudice filed with the Commission. Because plaintiff was unable to return to work in her former capacity as a truck driver and defendant had no suitable light work, defendant contracted with Armstrong and Associates to provide plaintiff with vocational placement assistance. In December 1994, plaintiff underwent a vocational evaluation. After Dr. Wheeler released her to return to work, a vocational counselor worked with her to help her find employment. There were difficulties getting complete job descriptions and Dr. Wheeler would not approve the ones he received, so the adjuster decided to change providers. Thereafter, Claimant Employment Services was hired to work with plaintiff.
7. Claimant Employment Services was able to find few jobs that satisfied Dr. Wheeler, and plaintiff applied for most of them. None of the potential employers hired plaintiff. Because she had difficulty sitting for long periods of time, many sedentary jobs were not suitable for her. Her physical limitations as well as her limited education were serious obstacles in the job search. Plaintiff contacted numerous employers and actively participated in the process. Plaintiff has established that she remained totally disabled after she reached maximum medical improvement.
8. Despite plaintiffs contribution to the unsuccessful job placement efforts, defendant did not establish that there were suitable jobs in the area that plaintiff could have obtained had she put forth more effort.
9. Defendant was allowed another opportunity to provide vocational placement services following the hearing before the Deputy Commissioner. No evidence was offered regarding the results of those efforts, so it has been presumed that suitable work was not located.
10. On 26 October 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. The fact that she was involved in a motor vehicle collision constituted an unusual occurrence which interrupted her regular work routine.
11. As a result of the injury by accident, plaintiff was unable to return to work in her former employment after she reached maximum medical improvement on 28 April 1995. Although plaintiff had the ability to do sedentary work under certain restrictions, due to her physical restrictions resulting from the injury by accident and limited education, suitable employment had not been found for plaintiff as of the date of the hearing before the Deputy Commissioner. As a result her injury by accident of 26 October 1992, plaintiff remains totally disabled.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 26 October 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. 97-2 (6).
2. The method of calculating plaintiffs average weekly wage which will most nearly approximate the amount which plaintiff would be earning were it not for her injury, is that which compares plaintiff to a person of the same grade and character employed in the same class of employment in the same locality. Defendant has provided evidence to that effect on a Form 22. Accordingly, plaintiffs average weekly wage prior to her injury was $345.43, yielding a weekly compensation rate of $230.29. N.C. Gen. Stat. 97-2(5).
3. Defendant admitted liability for plaintiffs injury by the voluntary payment of indemnity benefits under the Act. Plaintiff has presented evidence that as a result of her injury by accident she is unable to return to her former employment, and that due to her physical restrictions resulting from the injury by accident and limited education, suitable employment is not available; therefore, plaintiff has established her disability, placing the burden of rebuttal on defendant. Defendant has not met this burden by showing that there are suitable jobs available to plaintiff. Accordingly, plaintiff is entitled to payment of compensation during disability. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982).
4. Plaintiff is entitled to total disability compensation benefits until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. 97-29.
5. Plaintiff is entitled to have defendant pay for any medical treatment related to her injury by accident that is reasonably necessary to effect a cure, give relief, or tends to lessen plaintiffs period of disability. N.C. Gen. Stat. 97-2(19); 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorneys fee hereinafter provided, defendant shall continue paying plaintiff compensation benefits for total disability at the rate of $230.29 per week until plaintiff returns to work or until further order of the Commission.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her injury by accident that are reasonably necessary to effect a cure, give relief, or tends to lessen plaintiffs period of disability.
3. A reasonable attorneys fee in the amount of 25% of the compensation awarded for plaintiff is approved for plaintiffs counsel. Plaintiffs counsel shall receive every fourth compensation check paid to plaintiff.
4. Defendant shall pay the costs.
This the ___ day of February, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ RENE C. RIGGSBEE COMMISSIONER